MARÍA MALDONADO-SÁNCHEZ, Appellant, *v.* REGISTRAR OF ARECIBO, Respondent.

No. 714. Submitted March 6, 1928.—Decided March 8, 1928.

*José E. Díaz* for the appellant. The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The district court of Arecibo adjudged a dominion title to a certain piece of rural property in favor of María Maldonado Rivera, married to Antonio Rivera.

From the document presented for record in the registry of property it appears that the property was acquired partly by inheritance and partly by purchase and for that reason the registrar refused to record it.

From that decision María Maldonado took the present administrative appeal. She contends that as the document presented complies with all legal requirements, it being a judgment in her favor, the registrar has no authority to refuse to record it. She cites the cases of *López* v. *Registrar,* 15 P.R.R. 731; *Ramos* v. *Registrar,* 16 P.R.R. 57; *De Jesús* v. *Registrar,* 24 P.R.R. 581; *Caballero* v. *Registrar,* 35 P.R.R. 564; *Cintrón* v. *Registrar,* 35 P.R.R. 737, and section 395 of the Mortgage Law.

In our opinion the appellant is wrong. We have examined all of the decisions invoked by her and none of them upholds

her contention. On the contrary, the case of *De Jesús* v. *Registrar*, 24 P.R.R. 581, is adverse.

It is true that this court, basing itself on the law, on its previous decisions and on the reasonings of commentators, so construed the powers of registrars in a case involving the record of a judicial sale as follows:

"The registrar may decide whether the court had jurisdiction of the subject matter, on the nature and effect of its order, whether it was made in the proper proceeding, whether the essential proceedings and rules for its validity were followed and whether the title contains all of the facts required by the Mortgage Law for its recording." *Cintrón* v. *Registrar*, 35 P.R.R. 737.

Apparently that jurisprudence favors the contention of the appellant. However, on careful examination it is sufficiently broad to permit the registrar to act as he did.

In the *De Jesús Case, supra,* affirming the decision appealed from by which the registrar refused to record a dominion title judgment to a certain property in favor of Pía de Jesús because as a widow she acquired part of the property by inheritance and part by purchase, this court laid down the following doctrine:

"The provision of subdivision 5 of article 395 of the Mortgage Law that if the decision of the court that ownership has been established is accepted or affirmed it shall constitute a sufficient title for the record of the ownership, cannot be understood to mean absolutely that the registrar must always admit the same to record, but that he shall do so in case the decision should contain all the details which must appear in the record according to the Mortgage Law and its Regulations." 24 P.R.R. 581.

And it can not be otherwise. Notwithstanding the decision of the judge, the registrar is the official called upon to make the record *in favor of a certain person.* The particular person in whose favor the record was applied for in the present case is María Maldonado, and as two different persons appear from the record, María Maldonado and the conjugal partnership composed of Antonio Rivera and María

Maldonado, with an interest in the property, it is evident that the record can not be made.

And it can not be said that it also appears from the title that out of the fifteen acres making up the property eleven acres had been acquired by inheritance and four by purchase and that therefore by means of that statement the requirements of the registry had been complied with. A single property is involved. In accordance with the law and our present system, no consolidation could be made of two properties into one if one of them was the separate property of one of the spouses and the other belonged to the conjugal partnership. Dissimilar items can not be added together. A case of consolidation is similar to that of a dominion title proceeding.

See *Torres* v. *Registrar*, 27 P.R.R. 927, which is entirely applicable.

The judgment appealed from must be affirmed.